ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
JAN 2 5 2008

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| MANUEL GUADALUPE TORRES | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. _____ |
| TARGET NATIONAL BANK F/K/A | § | **3-08CV0123-L** |
| RETAILERS NATIONAL BANK | § | |
| | § | |
| Defendant. | § | |
| | § | |

## NOTICE OF REMOVAL

Defendant Target National Bank ("TNB") now files this Notice of Removal pursuant to 28 U.S.C. sections 1441 and 1446, as follows:

### COMMENCEMENT AND SERVICE

1.    On December 18, 2007, Plaintiff Manuel Guadalupe Torres ("Plaintiff") commenced this action against Defendant by filing Plaintiff's Original Petition in the 116th Judicial District Court of Dallas County, Texas, styled Cause No. 07-14874, *Manuel Guadalupe Torres v. Target National Bank FKA Retailers National Bank*.[1]

2.    Defendant was served with service of process through the Secretary of State on January 7 2008.[2]

3.    Defendant has not yet answered or otherwise filed a pleading in this suit.

4.    This Notice of Removal is filed within thirty days of the receipt of Plaintiff's Original Petition and within one year of the commencement of the action in accordance with 28 U.S.C. section 1446(b).

---

[1] *See* Exhibit B, Plaintiff's Original Petition.
[2] *See* Exhibit C, citation for Service of Process.

**GROUNDS FOR REMOVAL – FEDERAL QUESTION**

5.      Defendant is entitled to remove the state court action to this Court pursuant to 28 U.S.C. sections 1331, 1441, and 1446, because this action arises under the Constitution, laws, or treaties of the United States.

6.      Specifically, Plaintiff has pled violations of the Federal Fair Credit Reporting Act and Texas Finance Code. *See* Original Petition at ¶ 20. Plaintiff alleges that TNB's violation of the federal statute creates a cause of action under the Texas statute. Plaintiff's claims necessarily turn on the interpretation and analysis of a federal statute: 15 U.S.C. §1681s-2(a). *See* Original Petition at ¶¶ 20, 28. The question of federal law is therefore substantial as Plaintiff's allegations include a federal right as an essential element of her claims. *Cervantez v. Bexar County Civil Service Comm'n*, 99 F.3d 730, 733 (5th Cir. 1996)

**VENUE**

7.      Venue lies in the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. sections 1441(a) and 1446(a), because Plaintiff filed the state court action in this judicial district and division.

**NOTICE**

8.      Defendant will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. section 1446(d). Defendant will also file with the clerk of the state court and will serve upon Plaintiff's counsel a notice of the filing of this notice of removal.

**CONSENT TO REMOVAL**

9.      All defendants who have been properly served or provided notice of this suit at the time of removal seek and consent to this removal.

**JURY DEMAND**

10.      Plaintiff has not demanded a jury trial in the state court action.

## STATE COURT PLEADINGS

11.    Copies of all state court pleadings and orders are attached to this Notice of Removal. This case is being removed from the 116th Judicial District Court of Dallas County, Texas.

## EXHIBITS TO NOTICE OF REMOVAL

12.    The following documents are attached to this Notice as correspondingly lettered exhibits:

      A.    An Index of Matters Being Filed;

      B.    A certified copy of Plaintiff's Original Petition;

      C.    A copy of Citation of Service attached for TNB;

      D.    A certified copy of the Docket Sheet from the 348th Judicial District Court of Tarrant County, Texas;

      E.    A copy of Defendant's Notice of Filing Notice of Removal.

13.    The following documents are being filed contemporaneously with this Notice:

      A.    Civil Case Information Sheet;

      B.    Supplemental Civil Cover Sheet for Cases Removed from State Court

      C.    Notice of Removal to Plaintiff;

      D.    List of Counsel of Record;

      E.    Corporate Disclosure Statement;

      F.    Certificate of Interested Parties.

## CONCLUSION

WHEREFORE, Defendant Target National Bank, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. sections 1441 and 1446, removes this action from the 116th Judicial District Court of Dallas County, Texas, to this Court.

DATE:  January 25, 2008.

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By: _____
    Marcy E. Kurtz
    Texas Bar No. 11768600
    Andrew W. Zeve
    State Bar No. 24042209

South Tower Pennzoil Place
711 Louisiana, Suite 2300
Houston, Texas   77002
(713) 223-2300 (Telephone)
(713) 221-1212 (Telecopier)

    Morgan D. Meyer
    State Bar No. 24013161

1445 Ross Avenue, Suite 3800
Dallas, Texas 75202-2711
Telephone: (214) 758-1069
Telecopier: (214) 758-8349

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served on counsel of record on this the 25TH day of January, 2008.

_____
Andrew W. Zeve

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

MANUEL GUADALUPE TORRES          §
                                 §
       **Plaintiff,**          §
                                 §
**V.**                           §
                                 §          CIVIL ACTION NO. _____
                                 §
TARGET NATIONAL BANK F/K/A       §
RETAILERS NATIONAL BANK          §
                                 §
       **Defendant.**          §
                                 §

## INDEX OF MATTERS BEING FILED

| Exhibit | Name of Document |
|---------|------------------|
| A. | Index of Matters Being Filed |
| B. | Certified copy of Plaintiff's Original Petition |
| C. | A copy of Citation of Service for Defendant |
| D. | A certified copy of the Docket Sheet from the 116TH Judicial District in Dallas County, Texas |
| E. | A copy of Defendant's Notice of Filing Notice of Removal |

**FILED CONTEMPORANEOUSLY:**

| | |
|---------|------------------|
| A. | Civil Case Information Sheet |
| B. | Supplemental Civil Cover Sheet for Cases Removed from State Court |
| C. | Notice of Removal to Plaintiff |
| D. | List of Counsel of Record |
| E. | Corporate Disclosure Statement |
| F. | Certificate of Interested Parties |

# EXHIBIT B

CAUSE NO. *07-14874*

*FILED*
*2007 DEC 18 AM 11: 17*
*GARY FITZSIMMONS*
*DISTRICT CLERK*
*DALLAS CO., TX*

| | | |
|---|---|---|
| **MANUEL GUADALUPE TORRES** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| **vs.** | § | **F-116th** TH **JUDICIAL DISTRICT** |
| | § | |
| **TARGET NATIONAL BANK FKA** | § | |
| **RETAILERS NATIONAL BANK** | § | |
| **Defendant** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, Manuel Guadalupe Torres ("Mr. Torres" or "Plaintiff"), and complains of Target National Bank fka Retailers National Bank, the Defendant, and respectfully shows the following:

### I. INTRODUCTION

1. This an action for actual damages, punitive damages, injunctive and declaratory relief, and legal fees and expenses filed by the Plaintiff for the Defendant's violation of the Texas Finance Code , and for defamation, pursuant to the Tex. Civ. Prac. Rem. Code §73.001.

### II. PARTIES

2. The Plaintiff is a natural person residing in Dallas County, Texas and he is a "consumer" as defined by Tex. Finance Code §392.001(1).

3. The Defendant is a foreign bank which does not maintain an agent for service of process in the state of Texas. The name and address of the President or CEO of the Defendant upon whom service of process may be served is: Terrence J. Scully, 3901 W 53rd, Sioux Falls, SD 57106.

Plaintiff's Original Petition - Page 1

4. After a reasonable opportunity for further investigation and discovery Mr. Torres says that he will have evidentiary support to show that Defendant is a furnisher of consumer credit information to Equifax, Inc., Experian Information Systems, Inc., and TransUnion.

### III. JURISDICTION AND VENUE

5. The Defendant is a "debt collector" as defined by Tex. Fin. Code § 392.001(6).

6. Venue is mandatory in Dallas, under Texas Civil Practice & Remedies Code Section 15.017 because the suit involves libel and this is the county where Plaintiff resided when this claim accrued.

### IV. DISCOVERY PLAN

7. Pursuant to Texas Rule of Civil Procedure 190.4, Plaintiff asserts that this suit should be designated level 2 for the purposes of a discovery control plan.

### V. FACTUAL ALLEGATIONS

8. Plaintiff filed bankruptcy and was discharged on February 5, 2007 with the Defendant receiving a copy of the discharge order. The case number was 01-80197 and it was filed in the Northern District of Texas Bankruptcy Court.

9. The Defendant asserted a pre-petition claim against Mr. Torres in an attempt to collect a consumer debt allegedly owed by Plaintiff. The debt required Mr. Torres to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. The claim was listed on Schedule "F", as a general unsecured claim.

10. On December 3, 2001, Mr. Torres filed a mailing matrix with the Bankruptcy Court that provided the Defendant's correct address.

11. On December 3, 2001, the Clerk of the Bankruptcy Court for the Northern District of Texas, mailed out the "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines" to all creditors, including the Defendant, and other parties based on the mailing matrix previously filed the Bankruptcy Court.    This mailing constituted formal notice to the Defendant of the above Chapter 13 Bankruptcy.    This notice warned all creditors, including the Defendant, in conspicuous language, against violating the automatic stay pursuant to 11 U.S.C. §362.  The United States Postal Service did not return the notice sent to the Defendant.  The notice was not returned.  If the United States Postal Service has not returned the notice, there is a presumption that the Defendant received the notice mailed to it by the Clerk of the Bankruptcy Court.

12. On February 5, 2007, the Bankruptcy Court issued an order granting Mr. Torres a discharge (the said order followed Official Form B18, including the explanatory language contained therein).  The order discharged Mr. Torres from any liability for the Defendant's pre-petition claim.  Included with this order was an explanation of the general injunction prohibiting the Defendant and others holding pre-petition claims from attempting to collect the claims from Mr. Torres.

13. On February 7, 2007, the order discharging Mr. Torres was mailed out to all creditors and other parties listed on the mailing matrix previously filed the Bankruptcy Court.    This mailing constituted formal notice of Mr. Torres's discharge and the replacement of the automatic stay with the discharge injunction of 11 U.S.C. §524(a).  The order and notice warned all creditors including the Defendant, in conspicuous language, that collection of discharged debts

Plaintiff's Original Petition - Page 3

was prohibited.   The notice was not returned.   If the United States Postal Service has not returned the notice, there is a presumption that the Defendant received the notice mailed to it by the Clerk of the Bankruptcy Court. The Discharge order  is attached herein as "Exhibit A" and is incorporated herein by reference.

14. At no time has the Defendant objected to or disputed the details of the claim in the December 3, 2001, schedules.  At no time during the Chapter 13 case did Mr. Torres reaffirm the Defendant's debt.  At no time during the Chapter 13 case was the Defendant's pre-petition claim declared to be non-dischargeable.

15. Following the February 5, 2007 discharge, the Defendant engaged in debt collection activity against Mr. Torres by reporting to the credit bureaus that he was still personally liable for the balance due on the account in question despite the fact that the account was discharged, which extinguished Defendant's right to collect the account and Plaintiff's legal obligation to pay the account.   The bankruptcy discharge changed the legal status of the account by making it a non-recourse liability.  Once the Defendant received notice of the bankruptcy discharge and the resulting change in the legal status of the debt, the Defendant had a duty to report it.

16. Despite the change in the legal status of the account, Target National Bank fka Retailers National Bank has continued to report, by written communication, to Equifax, Experian and Trans Unison, the national credit reporting agencies ("CRAs"), that Plaintiff's remains personally liable for current balance of approximately $427.00. Additionally, Defendant's statement, asserts that it retains the legal right to collect the debt. The Equifax report is attached herein as "Exhibit B" and is incorporated herein by reference.  The Experian report is attached herein as "Exhibit C" and is incorporated herein by reference.   The Trans Union report is attached herein as "Exhibit D" and is incorporated herein by reference. Additionally,

Plaintiff's Original Petition - Page 4

Defendant's statement to Equifax, Trans Union, Experian, asserts that it retains the legal right to collect the debt.

17. These written statements sent by Defendant to one or more of the CRAs are incorrect, false, and defamatory because the alleged debt was discharged in bankruptcy which extinguished Plaintiff's legal obligation to repay the debt and Defendant's right to collect the debt.

18. Defendant is fully aware of how to report, to the CRAs, that a debt has been discharged in bankruptcy. By reporting that Plaintiff continues to owe a balance to defendant, they are unambiguously stating that Plaintiff has a legal obligation to repay the debt. A third party which obtains Plaintiff's credit report will either assume that this pre-petition debt was reaffirmed in the bankruptcy and plaintiff failed to pay the debt after reaffirming it or that Defendant asserted a dischargeability complaint against Plaintiff and prevailed.

19. This reporting by Target National Bank has occurred as recently as April 2007. The bankruptcy discharge changed the legal status of this account and Defendant's current reporting of the account is a misrepresentation of the current legal status of this account.

20. Target National Bank has intentionally not reported to the CRAs that the account was included in bankruptcy and that it should have a zero balance. When it received notice of Plaintiff's discharge, the Defendant had an absolute duty under 15 U.S.C. §1681s-2(a), to report the account as "discharged in bankruptcy," report a zero balance due and report the account as closed. Failing to update the account(s) as mandated by 15 U.S.C. §1681s-2(a) was an act to collect a debt in violation of Tex. Fin. Code §§ 391.002, Tex. Fin. Code § 392.301(a)(8), Tex. Fin. Code § 392.304(a)(8), and Tex. Fin. Code § 392.304(a)(19).

Plaintiff's Original Petition - Page 5

21. Target National Bank has intentionally and maliciously refused to report the true balance to the CRAs when it knew that the debt was discharged in bankruptcy and that it could no longer attempt to collect the debt.

22. The effect of these errors on Plaintiff's credit reports has been to negatively impact his credit report, credit worthiness, and his credit score.

23. The conduct of the Defendant has proximately caused Plaintiff past and future monetary loss, past and future damage to his credit and credit worthiness, past and future mental distress and emotional anguish and other damages that will be presented to the jury.

24. Defendant knew and continues to know that a discharge order means the debt is no longer collectible, but the Defendant has made a corporate decision to willfully and maliciously act contrary to their knowledge in their calculated decision to violate the requirements to properly report and update the Plaintiff's accounts.

25. The Defendant has a policy and procedure to refuse to properly update credit reports of consumers, like the Plaintiff, who has discharged the debt.  The reason is to keep false information on the credit report.  The false information consists of a balance shown as owed (when Defendant has known since discharge that no balance is owed) and intentionally refusing to show a current status of "included in bankruptcy" or "discharged in bankruptcy".

26. Defendant updates hundreds or thousands of accounts each month but has willfully and maliciously refused to update Plaintiff's and others who have received a discharge order on debts allegedly owed to Defendant.

27. The Defendant has willfully and maliciously failed to report the account as having a "0" balance as required by 16 CFR § 607 (6), which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports

Plaintiff's Original Petition - Page 6

a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

28. The Defendant has promised through their subscriber agreements or contracts to update accounts that have been discharged in bankruptcy, but the Defendant has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the Fair Credit Reporting Act and state law which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports. Pursuant to the provisions of the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(a), The Defendant, as a furnisher of information to consumer reporting agencies, had an affirmative duty to provide accurate information to said consumer reporting agencies. Said section provides that a furnisher shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate. "Reasonable cause to believe that the information is inaccurate" means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information.

29. Tex. Fin. Code § 391.002 prohibits the Defendant from knowingly furnishing false information about another person's creditworthiness, credit standing, or credit capacity to a credit reporting bureau.

30. Tex. Fin. Code § 392.301(a)(8) prohibits the Defendant from taking an action prohibited by law.

31. Tex. Fin. Code § 392.304(a)(8) prohibits the Defendant misrepresenting the character, extent, or amount of the Plaintiff's debt, or misrepresenting the status of the Plaintiff's debt in a judicial or governmental proceeding.

32. Tex. Fin. Code § 392.304(a)(19) prohibits the Defendant's use of false representations or deceptive means to collect a debt.

33. The Defendant has a policy to "park" their accounts on at least one of the consumer's credit report. This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

34. In the context of parking an account, the Defendant has a contractual duty coupled with an obligation and duty under federal and state law to accurately report the balance and the Defendant willfully and maliciously ignores its contractual duty and refuses to obey federal and state law.

35. The Defendant knows that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind the Defendant's actions with the goal to force the Plaintiff to pay on an account he does not owe.

36. The credit reports of Plaintiff have been accessed numerous times since the discharge and therefore the false information of the Defendant has been published to numerous third parties -- which is what the Defendant intended to happen.

37. When the consumer who has discharged the debt pays the "parked" account, the Defendant claim that such payment was purely "voluntarily" or was to pay off a "moral obligation." The Defendant knows and intends that by willfully and maliciously parking the account on the credit report, illegal payment can be extorted from the group of consumers in the same position as Plaintiff.

Plaintiff's Original Petition - Page 8

38. Despite receiving dozens, if not hundreds, of disputes that their reporting on accounts included in bankruptcy was false, the Defendant intentionally and knowingly has not corrected its policy of keeping false and damaging information on at least one of the Plaintiff's credit reports and consumers who are in a similar position to Plaintiff.

39. It is a practice of Defendant to maliciously, willfully, recklessly, wantonly, and/or negligently violate, ignore, and refuse to follow the requirements of the federal and state law. Because the Chapter 13 discharge is clearly noted in the "Public Records" section of Plaintiff's credit reports, and this is clearly a pre-petition debt, anyone reviewing Plaintiff's credit report would have just reason to conclude that the Debtor had done something wrong or fraudulent regarding this account that has been reported by the Defendant, as it remains on the credit report after the debtor's discharge.

40. All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

41. All actions taken by Defendant were done with malice, were done wantonly, recklessly, intentionally or willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the law.

42. Defendant has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and such Defendant is subject to punitive damages, statutory damages, and all other appropriate measures to punish and deter similar future conduct by Defendant and similar companies.

43. In the alternative, Creditors such as Defendant frequently sell their charged-off accounts to debt buyers through forward flow agreements or Credit Card Purchase Agreements.

44. In these contracts, the sellers frequently have a provision which allows them to retain a fee or a percentage of any debt that it collects on behalf of buyers of the accounts.

45. It is a common practice for original creditors to fail to update their credit reporting on accounts that they have sold to third parties, on one or more credit bureaus of a given account holder, in hopes that they can collect the account on behalf of the debt buyer and earn a fee or percentage of the account balance for doing so.    Additionally, Defendant knows that a large percentage of these portfolios of debt will lose all their value for resale purposes if the accounts that are discharged in bankruptcy actually report the bankruptcy discharge and a zero balance.

46. After a reasonable opportunity for further investigation and discovery, Plaintiff believes that the contract, under which the account in question was sold to a debt buyer has a provision which provides a financial incentive for Defendant to continue to attempt to collect Plaintiff's account.

47. After a reasonable opportunity for further investigation and discovery, Plaintiff believes that the evidence will demonstrate that Defendant  had a financial motive to fail to report the sale of this account.

48. After a reasonable opportunity for further investigation and discovery, Plaintiff believes that the evidence will demonstrate that Defendant, knew at the time it last reported on Plaintiff's account, that the account was pledged to be sold to a debt buyer pursuant to the terms of an ongoing contract or agreement.

Plaintiff's Original Petition - Page 10

49. After a reasonable opportunity for further investigation and discovery, Plaintiff believes that the evidence will demonstrate, that Defendant knowingly and deliberately failed to report the sale of this account to one or more of the national credit reporting agencies.

## VI. DAMAGES

50. Plaintiff has or will face credit denials and higher costs in many types of consumer transactions because the Defendant's false reporting. Furthermore, the false reporting caused plaintiff to suffer embarrassment, mental anguish, inconvenience, and other pecuniary and non-pecuniary damages.

51. After a reasonable opportunity for further investigation and discovery, Plaintiff asserts that Defendant is fully aware that reporting an account as a "charge off" or a "balance due" or other similar derogatory notation or comment brings to bear the full coercive power to force a debtor to pay discharged debt or suffer very real consequences financially, to reputation and to their credit rating.

52. After a reasonable opportunity for further investigation and discovery,  says that he will have evidentiary support to show that the FICO© scoring models continue to penalize the "debtors" such as Plaintiff for illegal and defamatory reporting such as the Defendant's reporting that is the subject of this complaint.

53. Had the Defendant properly reported the debt as discharged, with a zero balance, due, and listed the account as closed, Plaintiff would only have suffered the inherent negative effects of filing for bankruptcy.  Because the Defendant elected to violate state and federal law Plaintiff has suffered additional damages and harm to his reputation from the Defendant's false allegations that he is still personally liable for the debt.

54. When a creditor reports that the debtor is still personally liable on a pre-petition debt, potential lenders, landlords, insurance companies, utilities, and potential employers who view the credit report could and often do believe that the debtor has engaged in some sort of bad conduct as an explanation of why the debt was not discharged in bankruptcy.

55. Due to Defendant's conduct, Plaintiff was forced to hire counsel and his damages include reasonable attorney's fees incurred in prosecuting this claim.

56. Since Defendant continues to defame Plaintiff and the violations of the Tex. Fin. Code §§ 391.002, Tex. Fin. Code § 392.301(a)(8), Tex. Fin. Code § 392.304(a)(8), and Tex. Fin. Code § 392.304(a)(19) are ongoing in nature, Defendant is liable for any and all future harm suffered by Plaintiff as a result of Defendant's conduct.

## VII. WAIVER OF ANY RECOVERY IN EXCESS OF $75,000

57. Plaintiff hereby waives any recovery in excess of $75,000.00 inclusive of attorneys' fees.

Additionally, Plaintiff asserts that he is only asserting state law causes of action.

## VIII. GROUNDS FOR RELIEF

## TEXAS FINANCE CODE

58. Mr. Torres repeats, re-alleges, and incorporates by reference paragraphs 7 through 57.

59. The Defendant's violations of the Texas Finance Code, include, but are not limited to the following:

60. In violation of Tex. Fin. Code § 392.304(a)(8), the Defendant misrepresented the character of a consumer debt; and/or

61. In violation of Tex. Fin. Code § 392.304(a)(19), the Defendant used false representations or deceptive means to collect a debt.

Plaintiff's Original Petition - Page 12

62. Furthermore, it is a criminal offense (misdemeanor) to knowingly furnish false information about another person's creditworthiness, credit standing or credit capacity to a credit reporting bureau or to a third party. Tex. Fin. Code Ann.§ 391.002.

63. Under Tex. Fin. Code Ann. § 392.403, the said violations renders the Defendant liable to Plaintiff for actual damages, statutory damages, for injunctive relief, declaratory relief, costs, and, reasonable attorney's fees. Additionally, a violation of the above Texas Finance code provisions is a Deceptive Trade Practice as provided by Tex. Fin. Code Ann. § 392.404(a), which allows recovery for all actual damages including economic and non-economic damages.

64. The above Texas Finance Code provisions are not preempted by the Fair Credit Reporting Act, *Maloney v. LVNV LLC*, Slip Copy, 2006 WL 3006484, N.D. Tex., October 20, 2006 (NO.CIV.A.3:06-CV-0452).

## IX. GROUNDS FOR RELIEF - COUNT II

## DEFAMATION - COMMON LAW AND LIBEL PER SE

65. Mr. Torres repeats, re-alleges, and incorporates by reference paragraphs 7 through 57. The Defendant is liable to Plaintiff for damages for defamation, pursuant to Tex. Civ. Prac. & Rem. Code §73.001.

66. By reporting the aforesaid false information to the credit reporting agencies, the Defendant intentionally or negligently published false and defamatory statements of fact concerning the Plaintiff.

67. The said falsely reported accounts on Plaintiff's credit reports were published as public statements of private facts by the Defendant, and referred to the Plaintiff.

Plaintiff's Original Petition - Page 13

68. The statements were libelous, injured the Plaintiff's personal and consumer reputation and they caused severe humiliation, emotional distress and mental anguish to Plaintiff.

69. Such statements exposed Plaintiff to contempt, ridicule and/or financial injury at the hands of those to whom the report was published. Most, if not all of those who saw the report were in a position to grant or deny credit, or to enter into some business transaction with Plaintiff such as an insurance contract. The people to whom the report was published were those to whom Plaintiff's credit reputation was most important, as opposed to the general public, who would have no interest in Plaintiff's credit reputation. Although the audience for the libelous statements was limited, the audience was particularly interested in the information stated by the Defendant and were particularly situated to harm Plaintiff, as a result of the Defendant's actions, by denying Plaintiff credit of varying types. Thus, Defendant is libel per se pursuant to Tex. Civ. Prac. & Rem. Code §73.001.

70. 15 U.S.C. §1681t(b)(1)(F) does not preclude or preempt Plaintiff's state law claim for defamation under Texas law.

71. As a result of the said statements, Plaintiff has suffered injury. Plaintiff is entitled to recover actual damages, pre-judgment and post-judgment interest, court costs, special damages, and exemplary damages as Plaintiff's injury resulted from Defendant's malice pursuant to the Texas Civil Practice and Remedies Code section 41.003(a).

Plaintiff's Original Petition - Page 14

## X. GROUNDS FOR RELIEF - COUNT III.

### DECLARATORY RELIEF

72. Mr. Torres repeats, re-alleges, and incorporates by reference paragraphs 7 through 57. Plaintiff seeks a declaration of the right and other legal relations of the parties pursuant to Tex. Civ. Prac. & Rem. Code §37.001, *et seq.*

73. This case involves an actual controversy existing between Mr. Torres and the Defendant. Mr. Torres seeks a declaration of the legality of the Defendant's conduct and of parties' right, status, duties, and obligations to each other by way of a declaratory judgment.

74. Tex. Civ. Prac. & Rem. Code §37.009 authorizes the recovery of reasonable and necessary attorneys fees in addition to the requested declaration.

### XI. GROUNDS FOR RELIEF - COUNT IV.

### COMMON LAW TORT OF UNREASONABLE COLLECTION

75. Mr. Torres repeats, re-alleges, and incorporates by reference paragraphs 7 through 57. The above described debt collection efforts of Defendant constitutes a pattern of harassment that is willful, wanton, malicious, and intended to inflict mental anguish.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, , prays that the Court will:

A. Enter judgment in favor of Mr. Torres and against Target National Bank fka Retailers National Bank for statutory damages, actual damages, costs, pre and post judgment interest, and reasonable attorneys' fees as provided by Tex. Fin. Code Ann. § 392.403; Additionally, a violation of the above Texas Finance code provisions is a Deceptive Trade Practice as provided by Tex. Fin. Code Ann. § 392.404(a), which allows recovery for all actual damages including economic and non-economic damages.

B. Find that appropriate circumstances exist for an award of punitive damages to Plaintiff;

Plaintiff's Original Petition - Page 15

C.    Award punitive damage not less than three times the actual damages, including attorneys'

fees, costs and expenses awarded in this case;

D.    Declare that the Defendant's actions violate the Texas Finance Code;

E.    Enjoin the Defendant's actions which violate the Texas Finance Code; Award to , and for

the benefit of the undersigned attorneys, all of the attorneys' fees, costs and expenses incurred in

representing  in these matters;

F.    Enter judgment in favor of Mr. Torres and against the Defendant for defamation, for

actual damages, special damages and exemplary damages; and

G.    Award plaintiff pre-judgment interest as allowed by law.

H..    Grant such other and further relief, in equity or in law to which Mr. Torres might show

himself justly entitled.

Respectfully submitted,

William L. Manchee
SBOT 12891200
James J. Manchee
State Bar Number 00796988
Manchee & Manchee, LLP
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 960-2240 Fax 972-233-0713

Plaintiff's Original Petition - Page 16



☐ U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

*Stacey G. C. Jernigan*

Signed February 5, 2007                United States Bankruptcy Judge

_____

OFFICE OF THE STANDING CHAPTER 13 TRUSTEE
125 E. JOHN CARPENTER FWY, SUITE 1100
IRVING, TEXAS  75062
(214) 855-9200

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: 01-80197 |
| | ) | |
| MANUEL GUADALUPE TORRES | ) | JUDGE STACEY G. C. JERNIGAN |
| 5440 VICKERY BLVD | ) | |
| | ) | CHAPTER 13 |
| DALLAS TX        75206 | ) | |
| | ) | |
| | ) | DATE: January 31, 2007 |

**ORDER DISCHARGING DEBTOR AFTER COMPLETION OF CHAPTER 13 PLAN**

   The court finds that the debtor filed a petition under Title 11, United States Code, on
Dec 03, 2001, that the debtor's plan has been confirmed, and that the debtor has
fulfilled all requirements under the plan.

**IT IS ORDERED THAT**

1. Pursuant to 11 U.S.C. Section 1322(a), the debtor is discharged from all debts provided
   for by the plan or disallowed under 11 U.S.C. Section 102, except any debt:

   a. provided for under 11 U.S.C. Section 1322(b)(5) and on which the last payment is due
      after the date on which the final payment under the plan was due;

   b. in the nature of alimony to, maintenance for, or support of a spouse, former spouse,
      or child of the debtor in connection with a separation agreement, divorce decree or
      other order of a court of record, or property settlement agreement, as specified in
      11 U.S.C. Section 523(a)(5);

EXHIBIT "A"

Order Discharging Debtor after Completion of Chapter 13 Plan, Page 2 of 2
01-80197-SGJ-13
MANUEL GUADALUPE TORRES

    c. for a student loan or educational benefit overpayment as specified in 11 U.S.C. Section 523(a)(8);

    d. for a death or personal injury caused by debtor's unlawful operation of a motor vehicle while intoxicated from using alcohol, a drug, or other substance, as specified in 11 U.S.C. Section 523(a)(9), in case commenced on or after November 15, 1990; or

    e. for restitution included in a sentence on the debtor's conviction of a crime, in case filed on or after November 15, 1990.

    f. for a fine included in a sentence on the debtor's(s') conviction of a crime, in a case commenced on or after October 22, 1994.

2. Pursuant to 11 U.S.C. Section 1328(d), the debtor is not discharged from any debt based on an allowed claim filed under 11 U.S.C. Section 1305(a)(2) if prior approval by the Trustee of the debtor's incurring such debt was practicable and was not obtained.

3. Notwithstanding the provisions of Title 11, United States Code, the debtor is not discharged from any debt made non-dischargeable by 18 U.S.C. Section 3613(f), by certain provisions of Titles 10, 37, 38, 42 and 50 of the United States Code, or by any other applicable provision of law.

4. All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

### End of Order ###

Approved: /s/Thomas D. Powers
        Trustee

# CERTIFICATE OF SERVICE

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

```
District/off: 0539-3          User: dharden           Page 1 of 1                Date Rcvd: Feb 05, 2007
Case: 01-80197               Form ID: pdf013          Total Served: 28

The following entities were served by first class mail on Feb 07, 2007.
db            +Manuel Guadalupe Torres,    5440 Vickery Blvd.,    Dallas, TX 75206-6231
aty            Barbara K. Hamilton,    Becket & Lee, LLP,    P.O. Box 35480,    Newark, NJ  07193-5480
cr            +Portfolio Recovery Associates, LLC,    PO Box 41067,    Norfolk, VA 23541-1067
4808534        AT&T Universal Card,    4784 8080 0017 7071,    PO Box 8029,    South Hackensack, NJ 07606-8029
4808532        Account Solutions Group, LLC,    1742276,    PO Box 628,    Buffalo, NY 14240-0628
4808533       +Associates Capital Bank,    5897 1897 0800 8699,   c/o Associates Commerce Solutions,
               P. O. Box 8004,    Layton, UT 84041-8004
5304050       +Capital One Auto Finance,    Bankruptcy Department,    3901 North Dallas Parkway,
               Plano, TX 75093-7864
4808535       +Capital One Bank,    P.O. Box 85167,    Richmond, VA 23285-5167
4808536        Dillard National Bank,    P.O. Box 52051,    Phoenix, AZ 85072-2051
4808538       +Exxon Co.,   198 983 103 5,    PO Box 103031,    Roswell, GA 30076-9031
4808540       +Foley's,    PO Box 1971,    Houston, TX 77251-1971
4808541       +Harriet L. Langston, P.C.,    12900 Preston Rd.,    Suite 1050,    Dallas, TX 75230-6300
4808542        Household of Texas,    P.O. Box 9055,    Brandon, FL 33509-9055
4808543       +JC Penney,    446-705-746-1,    PO Box 981131,    El Paso, TX 79998-1131
4808544       +Lord & Taylor,    111 Bouler Industrial Dr.,    Bridgeton, MO 63044-1241
4808545       +Providian National Bank,    4940 Johnson Dr.,    Pleasanton, CA 94588-3308
4808546        Radioshack Credit Card Plan,    7738891593491,    PO Box 9025,    Des Moines, IA 50368-9025
4808547        Retailers National Bank Target,    9-916-181-855-90,   c/o Target Credit Services,    PO Box 1581,
               Minneapolis MN55440-1581
4808548       +Sears,    Sears, Roebuck & Co.,    P.O. Box 3671,    Des Moines, IA 50323-0671
5007404        Sherman Acquisition LP,    P.O. Box 10587,    Greenville, SC 29603-0587
5046520        Sherman Acquisition LP,    Resurgent Capital Services,    P. O. Box 10587,
               Greenville, SC 29603-0587
4808549        Texaco Credit Card Center,    31-550-0459-5,    PO Box 790001,    Houston, TX 77279-0001
4808550       +Torres, Manuel Guadalupe,    5440 Vickery Blvd.,    Dallas, TX 75206-6231
4808552        Wachovia,    5435 5511 0021 6486,    PO Box 8650,    Wilmington, DE 19899-8650
5091161        eCast Settlement Corporation,    P.O. Box 35480,    Newark, NJ  07193-5480

The following entities were served by electronic transmission on Feb 06, 2007.
cr            +E-mail/PDF: ebnnotices@ascensioncapitalgroup.com Feb 06 2007 00:16:43     Capital One Auto Finance,
               co The Ramsey Law Firm, P.C.,    P.O. Box 201347,    Arlington, TX 76006-1347
4808537       +E-mail/PDF: mrdiscen@discoverfinancial.com Feb 06 2007 00:30:07     Discover Bank,
               Discover Financial Services,    P.O. Box 8003,    Hilliard, OH 43026-8003
4808551        Fax: 937-431-3194 Feb 06 2007 00:43:31     Universal 1 Credit Union, Inc.,    4819 1401 4503 2311,
               PO Box 341090,    Beavercreek, OH 45434-1090
                                                                                              TOTAL: 3

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             eCAST Settlement Corporation
                                                                                       TOTALS: 1, * 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 07, 2007                    Signature: *Joseph Speetjens*

 **EQUIFAX**



▶ Print This Page   ▶ Close Window   ▶ Become a Member

**Equifax Credit Report as of May 14, 2007**

Name:   Manuel G. Torres

| Section Title | Section Description |
|---|---|
| 1. Personal Information | Personal data, addresses, employment history |
| 2. Credit Summary | Summary of account activity |
| 3. Account Information | Detailed account information |
| 4. Inquiries | Companies that have requested or viewed your credit information |
| 5. Collections | Accounts turned over to collection agencies |
| 6. Public Records | Bankruptcies, liens, garnishments and other judgments |
| 7. Dispute File Information | How to dispute information found on this credit report |
| 8. Summary of Your Rights Under the FCRA | |
| 9. Remedying the Effects of Identity Theft | |
| 10. Your Rights Under State Law | |

**Personal Information**

### Credit Report for Manuel G. Torres as of 05/14/2007

 **Important. Please print this report as it will only be available for you to view during this session with Equifax. If you would like to view this credit report online free for 30 days, click here.**

If you have questions about your credit report, learn what steps you can take in frequently asked questions (FAQs).

### Personal Information
**Name:** Manuel G. Torres
**Social Security Number:** ██████████
**Age or Date of Birth:** ██████████

The following information is added to your file either when creditors enter requests to view your credit history, or when you report it to Equifax directly. If you believe that any of this information is incorrect, please see the Dispute File Information section at the end of this report.

**Current Address**



**Previous Address**

EXHIBIT "B"

5/15/2007 12:23 AM

**RNB/TARGET/RATING 6C-A**

PO Box 673
Minneapolis, MN 554400673

| | | | |
|---|---|---|---|
| Account Number: | 91618XXXX | Current Status: | CHARGE-OFF |
| Account Owner: | Individual Account. | High Credit: | $427 |
| Type of Account ⓘ: | Revolving | Credit Limit: | $0 |
| Term Duration: | | Terms Frequency: | |
| Date Opened: | 01/1999 | Balance: | $427 |
| Date Reported: | 04/2007 | Amount Past Due: | $427 |
| Date of Last Payment: | 08/2001 | Actual Payment Amount: | $0 |
| Scheduled Payment Amount: | $0 | Date of Last Activity: | n/a |
| Date Major Delinquency First Reported: | | Months Reviewed: | 21 |
| Creditor Classification: | | Activity Description: | Closed |
| Charge Off Amount: | $0 | Deferred Payment Start Date: | |
| Balloon Payment Amount: | $0 | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Charge Account |
| Comments: | Charged off account, Account closed by credit grantor | | |

81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2007 | CO | CO | CO | | | | | | | | | |

5/15/2007 12:23 AM

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2006 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2005 | * | * | * | * | CO | CO | CO | CO | CO | CO | CO | CO |
| 2004 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2003 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2002 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2001 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2000 |   |   |   |   |   |   | * | * | * | * | * | * |



# experian

X Close window

## Online Personal Credit Report from Experian for

Experian credit report prepared for
**MANUEL  TORRES**
Your report number is
**4051926792**
Report date:
**05/16/2007**

Index:
- Potentially negative items
- Accounts in good standing
- Requests for your credit history
- Personal information
- Important message from Experian
- Contact us
- Know your rights

Print report

Experian collects and organizes information about you and your credit history from public records, your creditors and other reliable sources. Experian makes your credit history available to your current and prospective creditors, employers and others as allowed by law, which can expedite your ability to obtain credit and can make offers of credit available to you. We do not grant or deny credit; each credit grantor makes that decision based on its own guidelines.

To return to your report in the near future, log on to www.experian.com/consumer and select "View your report again" or "Dispute" and then enter your report number.

If you disagree with information in this report, return to the Report Summary page and follow the instructions for disputing.

## Potentially Negative Items

back to top

### Public Records

Credit grantors may carefully review the items listed below when they check your credit history. Please note that the account information connected with some public records, such as bankruptcy, also may appear with your credit items listed later in this report.

**US BKPT CT TX DALLAS**
**Address:**
1100 COMMERCE ST
DALLAS , TX  75242
*No phone number available*

**Identification Number:**
0180197SGJ

**Status:**
Chapter 13 bankruptcy discharged.

**Status Details:**
This item is scheduled to continue on record until Dec 2008.

**Date Filed:**
12/03/2001
**Date Resolved:**
02/05/2007
**Responsibility:**
Individual

**Claim Amount:**
NA
**Liability Amount:**
$0

### Credit Items

For your protection, the last few digits of your account numbers do not display.

 

EXHIBIT "C"



**TNB - TARGET**
**Address:**
PO BOX 673
MINNEAPOLIS, MN 55440
*No phone number available*

**Account Number:**
91618....

**Status:** Account charged off. $919 written off. $427 past due as of Apr 2007.

**Status Details:** This account is scheduled to continue on record until May 2008.

| | | |
|---|---|---|
| **Date Opened:** | **Type:** | **Credit Limit/Original Amount:** |
| 01/1999 | Revolving | NA |
| **Reported Since:** | **Terms:** | **High Balance:** |
| 08/2001 | NA | $919 |
| **Date of Status:** | **Monthly Payment:** | **Recent Balance:** |
| 08/2001 | $0 | $427 as of 04/2007 |
| **Last Reported:** | **Responsibility:** | **Recent Payment:** |
| 04/2007 | Individual | $0 |

**Creditor's statement:** Account closed at credit grantor's request.

**Account History:**
Charge Off as of Apr 2007, Mar 2007, Feb 2007, Jan 2007, Dec 2006, Nov 2006, Oct 2006, Sep 2006, Aug 2006, Jul 2005 to Aug 2006, Mar 2005 to May 2005, Aug 2001

**Balance History:**
03/2007  $427
02/2007  $427
01/2007  $427
12/2006  $427
11/2006  $427
10/2006  $427
09/2006  $427
08/2006  $427
07/2006  $428
06/2006  $428
05/2006  $428
04/2006  $428
03/2006  $428
02/2006  $428
01/2006  $428
12/2005  $428
11/2005  $428
10/2005  $428
09/2005  $428
08/2005  $428
07/2005  $428
05/2005  $428

Between May 2005 and Mar 2007, your credit limit/high balance was $919



5/17/2007 3:44 AM

| | |
|---|---|
| File Number: | 172816885 |
| Page: | 1 of 12 |
| Date Issued: | 05/27/2007 |

**TransUnion.**

## Personal Information

**Name:** MANUEL TORRES

You have been on our files since 05/1988

**CURRENT ADDRESS**



**PREVIOUS ADDRESS**



## EMPLOYMENT DATA REPORTED



Special Notes: Your Social Security number has been masked for your protection. You may request disclosure of the full number by writing to us at the address found at the end of this report. Also, if any item on your credit report begins with 'MED1', it includes medical information and the data following 'MED1' is not displayed to anyone but you except where permitted by law.

## Public Records

The following items obtained from public records appear on your report. You may be required to explain public record items to potential creditors. Any bankruptcy information will remain on your report for 10 years from the date of the filing. Unpaid tax liens may generally be reported for an indefinite period of time depending on your state of residence. Paid tax liens may be reported for 7 years from date of payment. All other public record information, including discharged chapter 13 bankruptcy, remains for up to 7 years.

**TEXAS FEDERAL COURT - DA** Docket #: 180197

1100 COMMERCE ST
ROOM 1254
DALLAS, TX 75242
(214) 753-2000

| | | | |
|---|---|---|---|
| Type: | CHAPTER 13 BANKRUPTCY DISCHARGED | Date Filed: | 12/2001 |
| Court Type: | FEDERAL DISTRICT | Responsibility: | INDIVIDUAL DEBT |
| Date Paid: | 02/2007 | Plaintiff: | HARRIET L LANGSTON |
| Assets: | $0 | Plaintiff Attorney: | HARRIET L LANGSTON |
| | | Liabilities: | $0 |

Estimated date that this item will be removed: 11/2008

## Account Information

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.

| N/A | X | OK | 30 | 60 | 90 | 120 |
|---|---|---|---|---|---|---|
| Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late |

To dispute online go to: http://transunion.com/disputeonline

03701 00268 003 D692

EXHIBIT "D"

Consumer Credit Report for MANUEL TORRES

File Number: 172816885
Page: 4 of 12
Date Issued: 05/27/2007



**TNB-TARGET** #916181855
P O BOX 673
MAILSTOP 6CA
MINNEAPOLIS, MN 55416
(800) 659-2396

| | |
|---|---|
| Balance: | $427 |
| Date Updated: | 04/2007 |
| High Balance: | $427 |
| Credit Limit: | $200 |
| Past Due: | ›$427‹ |

| | |
|---|---|
| Pay Status: | ›CHARGED OFF AS BAD DEBT‹ |
| Account Type: | REVOLVING ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Open: | 01/1999 |
| Date Closed: | 02/2002 |

Loan Type: CHARGE ACCOUNT
Remarks: ACCT CLOSED BY CREDIT GRANTOR
Estimated date that this item will be removed: 02/2008



To dispute online go to: http://transunion.com/disputeonline

03704 00268 006 D692

# EXHIBIT C

145104

MAIL

# CITATION

No.: DC-07-14874-F

MANUEL TORRES
vs.
TARGET NATIONAL BANK F/K/A
RETAILERS NATIONAL BANK

ISSUED
on this the 21st day of December,
2007

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas
By SPRINGE MCKINLEY, Deputy

Attorney for Plaintiff
WILLIAM L. MANCHEE
12221 MERIT DRIVE SUITE 750
DALLAS, TEXAS 75251
972-960-2240

RECEIVED
SECRETARY OF STATE

JAN -7 2008
11:00 AM
CITATIONS UNIT

FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

To:
TARGET NATIONAL BANK
SERVING, TERRENCE J. SCULLY
3901 W. 53RD
SIOUX FALLS, SD 57106

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and      petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 116th District Court at 600 Commerce Street, Dallas, Texas 75202.
Said Plaintiff being MANUEL GUADALUPE TORRES

Filed in said Court on this the 18th day of December, 2007 against

TARGET NATIONAL BANK F/K/A RETAILERS NATIONAL BANK

For suit, said suit being numbered DC-07-14874-F, the nature of which demand is as follows:
Suit On COMMERCIAL DISPUTE etc. as shown on said petition      , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.
WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this 21st day of December, 2007

ATTEST: GARY FITZSIMMONS
Clerk of the District Courts of Dallas, County Texas

By _____, Deputy
SPRINGE MCKINLEY

# EXHIBIT D

# CASE SUMMARY
## CASE NO. DC-07-14874

| | | |
|---|---|---|
| **MANUEL TORRES** | § | Location: **116th District Court** |
| vs. | § | Judicial Officer: **PRIDDY, BRUCE** |
| **TARGET NATIONAL BANK** | § | Filed on: **12/18/2007** |
| | § | |

---

### CASE INFORMATION

Case Type: **COMMERCIAL DISPUTE**
Sub Type: **CONSUMER/DTPA**

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **PLAINTIFF** | **TORRES, MANUEL GUADALUPE** | **MANCHEE, WILLIAM L** 972-960-2240 |
| | | *Retained* |
| | | |
| **DEFENDANT** | **TARGET NATIONAL BANK** | |
| | *SERVING, TERRENCE J. SCULLY* | |
| | *3901 W. 53RD* | |
| | *SIOUX FALLS, SD 57106* | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 12/18/2007 | ORIGINAL PETITION (OCA) | |
| 12/18/2007 | ISSUE CITATION | |
| 12/21/2007 | **CITATION** | |
| | TARGET NATIONAL BANK          issued | |
| 12/28/2007 | MISCELLANOUS EVENT | |
| | *Level 2 Case* | |

---

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **PLAINTIFF** TORRES, MANUEL GUADALUPE | |
| | Total Charges | 225.00 |
| | Total Payments and Credits | 225.00 |
| | **Balance Due as of 1/24/2008** | **0.00** |

*Printed on 01/24/2008 at 10:57 AM*

07 - 14874

F-116th _____ JUDICIAL DISTRICT
COURT OF DALLAS COUNTY, TEXAS

CAUSE OF ACTION

| DC – 07 – 14874 |
| Filed: 12/18/2007 |

| COMMERCIAL DISPUTE | 116th District Court |
|---|---|
| MANUEL TORRES vs. TARGET NATIONAL BANK | |
| Plaintiff | Lead Attorney |
| TORRES, MANUEL G | MANCHEE, WILLIAM |
| Defendant | Lead Attorney |
| TARGET NATIONAL | |

FILE DATE *12-18-07*     COST DEPOSIT $ *225.00*     JURY _____

BOND APPROVAL _____  DATE _____  INITIAL PROCESS ISSUED __/__

CONSOLIDATED WITH _____ TRANSFERRED FROM _____
SEVERED FROM _____ DATE _____

| DATE FILED | PLEADINGS/ORDERS/PROCESS ISSUED | BOOK/PAGE |
|---|---|---|
| 12-21-07 | 1 Cit mail | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**THESE ARE DISTRICT COURT PAPERS AND MUST NOT BE REMOVED**

# EXHIBIT E

CAUSE NO. 07-14874

| | | |
|---|---|---|
| **MANUEL GUADALUPE TORRES** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **TARGET NATIONAL BANK F/K/A** | § | |
| **RETAILERS NATIONAL BANK** | § | |
| | § | **116TH JUDICIAL  DISTRICT** |
| **Defendant.** | § | |
| | § | |

## NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE CLERK:

Please take notice that on January 25, 2008, Defendant Target National Bank removed this action to the United States District Court for the Northern District of Texas, Dallas Division. Pursuant to 28 U.S.C. Section 1446(d), this Court is respectfully requested to proceed no further, unless and until such time as the action may be remanded by order of the United States District Court. A copy of the Notice of Removal is attached to this notice.

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By: _____
    Marcy E. Kurtz
    Texas Bar No. 11768600
    Andrew W. Zeve
    State Bar No. 24042209

    South Tower Pennzoil Place
    711 Louisiana, Suite 2300
    Houston, Texas   77002
    (713) 223-2300 (Telephone)
    (713) 221-1212 (Telecopier)

    Morgan D. Meyer
    State Bar No. 24013161

1445 Ross Avenue, Suite 3800
Dallas, Texas 75202-2711
Telephone: (214) 758-1069
Telecopier: (214) 758-8349

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record on this the 25TH day of January, 2008.

Andrew W. Zeve

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MANUEL GUADALUPE TORRES | TARGET NATIONAL BANK FKA RETAILERS NATIONAL BANK |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
DALLAS COUNTY, TEXAS
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

**3-08CV0123-L**

(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

William L. Manchee
James J. Manchee
Manchee & Manchee, LLP
12221 Merit Drive, Suite 950
Dallas, Texas  75251
Telephone 972-960-2240
Facsimile 972-233-0713

RECEIVED
JAN 2 5 2008
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

ATTORNEYS (IF KNOWN)

Marcy E. Kurtz
Andrew W. Zeve
Bracewell & Giuliani LLP
711 Louisiana Suite 2300
Houston, Texas  77002
Telephone 713-223-2300
Facsimile 713-221-1211

Morgan D. Meyer
Bracewell & Giuliani LLP
1445 Ross Avenue, Suite 3800
Houston, Texas  75202
Telephone 214-758-1069
Facsimile 214-758-8349

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ·☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐1 Original Proceeding

☒2 Removed from State Court

☐3 Remanded from Appellate Court

☐4 Reinstated or Reopened

☐5 Transferred from another district (specify)

☐6 Multidistrict Litigation

☐7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. sections 1332, 1441, and 1446; 15 U.S.C. sections 1681s-2(a)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE

January 25, 2008

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

---

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name and the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 USC 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated instate courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**V.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# ORIGINAL

### United States District Court
### Northern District of Texas



RECEIVED

JAN 2 5 2008

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

### Supplemental Civil Cover Sheet For Cases Removed
### From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

## 3-08CV0123-L

1.  **State Court Information:**

    Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

    | **Court** | **Case Number** |
    |---|---|
    | 116th Judicial District Court of Dallas County, Texas | 07-14874 |

2.  **Style of the Case:**

    Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

    | **Party and Party Type** | **Attorney(s)** |
    |---|---|
    | Manuel Guadalupe Torres<br>Plaintiff | William Manchee<br>Texas Bar No. 12891200<br>James Manchee<br>Texas Bar No. 00796988<br>Manchee & Manchee, LLP<br>12221 Merit Drive, Suite 950<br>Dallas, Texas 75251<br>972-960-2240 Phone<br>972-233-0712 Fax |
    | Target National Bank F/K/A<br>Retailers National Bank<br>Defendant | Marcy E. Kurtz<br>Texas Bar No. 11768600<br>Andrew W. Zeve<br>State Bar No. 24042209<br>Bracewell & Giuliani LLP<br>South Tower Pennzoil Place<br>711 Louisiana, Suite 2300<br>Houston, Texas 77002<br>Phone: (713) 223-2300<br>Fax:    (713) 221-1212 |

**Supplemental Civil Cover Sheet**
**Page 2**

Morgan D. Meyer
State Bar No. 24013161
1445 Ross Avenue,
Suite 3800
Dallas, Texas 75202-2711
Telephone: (214) 758-1069
Telecopier: (214) 758-8349

3.    **Jury Demand:**

Was a Jury Demand made in State Court?        □ Yes x No

If "*Yes,*" by which party and on what date?

_____          _____
Party                                                                          Date

4.    **Answer:**

Was an Answer made in State Court?        □ Yes x No

If "*Yes,*" by which party and on what date?

_____          _____
Party                                                                          Date

5.    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**                                                    **Reason(s) for No Service**
All parties served

6.    **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

**Party**                                                    **Reason**

No changes made

**Supplemental Civil Cover Sheet**
**Page 3**

7.     **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claim(s) |
|-------|----------|
| Plaintiff | Fair Credit Reporting Act, Texas Finance Code, Defamation |